IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON BROWNLEE, #202403526, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-2321-N-BN |
| JOHNSON COUNTY SHERIFF'S DEPARTMENT, | § § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Aaron Brownlee, while incarcerated in Johnson County Jail, submitted a *pro se* filing that has been construed as a civil rights complaint. *See* Dkt. No. 3. Senior United States District Judge David C. Godbey referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Brownlee leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 6. And the Court entered an order and notice of deficiency ("NOD") explaining that the construed complaint was deficient because it did not allege a plausible claim and did not identify a proper defendant. *See* Dkt. No. 7. As to the defendant, the Court explained that a department generally is not an entity that can be sued itself unless a plaintiff alleges that the governmental entity has taken steps to grant the department a separate legal existence. *See id.* at 2-3. So the Court required Brownlee to "name a different

defendant or allege facts sufficient to show that the Johnson County Sheriff's Department has been granted a separate legal existence." *Id.* at 3.

Johnson timely filed an amended complaint naming the Johnson County Jail Medical Department as defendant. *See* Dkt. No. 8. And, after screening the claims, as detailed below, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit.

## Legal Standards

Under the PLRA, where prisoners (whether incarcerated or detained pending trial) seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, but it does require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show"

that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Neither the Johnson County Sheriff's Department (which is still named in the caption of the amended complaint) nor the Johnson County Jail Medical Department (named in the body of the amended complaint) are jural entities subject to suit. *See Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) (servient agency or department cannot be sued unless it "enjoy[s] a separate legal existence" because "true political entity has taken explicit steps to grant the servient agency with jural authority"); *Minchey v. Johnson Cnty. Corr. Ctr.*, No. 3:20-CV-1110-G-BH, 2020 WL 3272212, at *2 (N.D. Tex. May 21, 2020), *rec. accepted*, 2020 WL 3270734 (N.D. Tex. June 16, 2020) (finding that the Johnson County jail did not have a separate legal existence for purposes of suit); *Roe v. Johnson Cnty.*, No. 3:18-CV-2497-B-BN, 2019 WL 5031357, at *16 (N.D. Tex. July 29, 2019), *rec. accepted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) (finding that the Johnson County Sheriff's Department did not have a separate legal existence for purposes of suit).

Because Brownlee has already been informed that governmental departments

are generally not jural entities and given an opportunity to amend to name a jural entity but failed to do so, *see Parker v. Fort Worth Police Dept.*, 980 F 2d 1023, 1026 (5th Cir.1993), Brownlee's amended complaint should be dismissed without prejudice for failure to name a defendant subject to suit.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but Brownlee has already been given the opportunity to amend and failed to address the deficiencies identified in the NOD. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## Recommendation

The Court should dismiss the amended complaint without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE